## NATIONAL LABOR RELATIONS BOARD v. AMERICAN TUBE BENDING CO., Inc.

No. 266, Docket 22662.

United States Court of Appeals
Second Circuit.

Argued May 13, 1953.

Decided June 15, 1953.

A. Norman Somers, George J. Bott, General Counsel, David P. Findling, Associate General Counsel, Frederick U. Reel and Milton Eisenberg, Attorneys, National Labor Relations Board, all of Washington, D. C., for petitioner.

William J. Larkin, II, and Carmody, Larkin & Torrance, all of Waterbury, Conn., for respondent.

Before SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

This appeal (petition by the Labor Board to enforce) lies within a limited compass. The only question is whether the respondent exercised unfairly its conceded privilege, granted by § 8(c) of the Labor-Management Act,[1] to argue to its employees its case against the formation of a union. The order that the Board seeks to enforce was that the company should "cease and desist" from "interfering with" its employees' right "to form labor organizations * * * by discriminatingly applying its no-solicitation rule," and that it should post an appropriate notice. The facts were as follows: The International Brotherhood of Boilermakers, Iron Shipbuilders and Helpers of America, A.F.L., wished to organize the respondent's employees, and a representative of the union and the respondent signed a stipulation that an election should be held on December 7, 1951, between the hours of three and four-thirty in the afternoon in the respondent's plant. On December 6th at about four o'clock— that being the hour when the shifts changed —the employees of both shifts were assembled in one room in the plant, and the respondent's president talked to them for about 25 minutes, seeking to persuade them that it was not to their interest to organize as a union. He told them that no one

1. § 158(c), Title 29, U.S.C.A.

need stay, who did not want to hear what was said, and his remarks, so far as concerns their content, were concededly within the privilege conferred by § 8(c) of the Act. The Board did not therefore find their utterance an unfair labor practice *per se*, but it did find that the circumstances under which they were spoken made them so. When on November 13, 1951, parties stipulated, as we have said, to hold an election on December 7th, Curran, the representative of the union, told the president of the respondent and its "personal manager" that, if they talked to the employees as they had done before other elections, he hoped that they would give him the same opportunity. Neither of them made any answer or any comment, and no consent was given; but neither the examiner, nor the Board held that the refusal was an unfair labor practice. However, there was evidence that the company had a rule "that there will be no solicitation on company time or property"; and the examiner and the Board found that the company had in effect "a rule against solicitation on its time and property." It was this rule, coupled with the address made, that was the wrong forbidden by the order.

Our decision in Bonwit Teller Inc. v. National Labor Relations Board, 2 Cir., 197 F.2d 640, rules the case at bar. There we said that it was an unfair labor practice for the employer to exercise his privilege under § 8(c) of addressing his employees on the premises and arguing against the formation of a union, if he imposed a "no solicitation" rule against union agitation on the premises. However, we held that, since the employer operated a number of retail stores in New York and elsewhere, it was lawful (as indeed the Board conceded) for such an employer to forbid solicitation at any time upon the premises. That was an exception to the general duty to allow solicitation on the premises in non-working hours, that the Supreme Court in Republic Aviation Corp. v. National Labor Relations Board, 324 U.S. 793, 65 S. Ct. 982, 89 L.Ed. 1372, recognized that the Board might impose in factories and the like. We rested our decision wholly upon the exception and reversed that part of the Board's order that had held it an unfair labor practice for an employer to address his employees on the premises during working hours, where he had refused to allow the representative of the union an equal privilege.

If therefore the Board's order in the case at bar had depended upon the respondent's refusal, or failure, to allow Curran to address the employees on the property during working hours it could not stand. On the other hand, since the respondent refused to allow any solicitation on the premises during non-working hours, that was in itself an unfair labor practice, for it did not operate a retail store; and it was an added unfair practice for it to address the employees, while such a rule was in force. We have already quoted at the outset all that the record contains as to the existence of such a rule; it is no more than the answer given by the respondent's vice-president to a question by the examiner at the close of his testimony. Moreover, the complaint did not charge such a rule as an unfair labor practice, but only the refusal to grant Curran an equal opportunity to speak to the employees on the premises. Nevertheless, the examiner based his decision altogther upon the rule (our decision in Bonwit Teller Inc. v. National Labor Relations Board having been made before he filed his intermediate report), and his only finding was "that in the discriminatory application of its established rule against solicitation the Respondent interfered with" its employees' rights under § 7 of the Act, 29 U.S.C.A. § 157. That was also his only recommendation, and all that the Board's order forbad, as we have said. Furthermore, although the respondent's exceptions to the examiner's report were that the complaint did not charge discrimination in applying the rule that the parties had not considered or argued it, that the examiner had misapprehended our decision in Bonwit Teller Inc. v. National Labor Relations Board, supra, and in general that his conclusions, both on the law and the facts, were wrong, none of the exceptions so much as intimated that there was no such rule, or that the respondent did not enforce it. We do think that, in the light of this inac-

tion on its part, the respondent is in no position to ask for a rehearing upon an issue whose decision rested upon the uncontradicted testimony of one of its own officers. The case falls directly within our ruling in Bonwit Teller Inc. v. National Labor Relations Board, supra, and enforcement order will issue.

Enforcement order to issue.

**SWAN, Chief Judge (concurring).**

Because constrained by the majority opinion in the Bonwit Teller case, 197 F.2d 640, I concur in the result.

**FRANK, Circuit Judge (concurring).**

I concur in the result. I do not join in the statement that it is not an unfair labor practice for an employer to address his employees in working hours if only the employer permits union solicitation in non-working hours. We need not here decide that issue; much can be said for an opposite conclusion in the light of our opinion in Bonwit Teller, Inc. v. N. L. R. B., 2 Cir., 197 F.2d 640.